IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK M. BASS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-00717-RAH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

**THIS CAUSE** is before the Court on Movant Patrick M. Bass's *Motion to Vacate, Set Aside, or Correct Sentence* (doc. 1) under 28 U.S.C. § 2255, which collaterally attacks his conviction and sentence in his criminal case, *United States v. Bass*, No. 2:22-cr-00178-RAH-JTA (M.D. Ala.). The motion is fully submitted.[1] The Court has carefully considered the motion and record submissions and concludes that the motion is due to be denied.

## BACKGROUND

On June 8, 2022, Bass was indicted on five counts—possession of a firearm by a convicted felon, possession with the intent to distribute cocaine, possession with the intent to distribute a substance containing cocaine base, possession with the intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime.  The charges followed a search of Bass's vehicle after he fled the authorities in connection with his arrest. His arrest was based on information

---

[1] Bass did not file a reply.

provided by a confidential source.  On December 19, 2022, Bass pleaded guilty without a plea agreement.  (CR. 24, 55.)[2]

At sentencing, Bass was deemed an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because of his three prior convictions (2004, 2007, and 2017) for possession of marijuana, 1st degree. (CR. 40 at 17; 53 at 8.)  In those criminal cases, Bass received a sentence of ten years in his 2004 conviction, four years in his 2007 conviction, and twenty-one months in his 2017 conviction. (CR. 40 at 12, 15–16.) At sentencing, his offense level was calculated as 31 and his criminal history category as VI, which resulted in a guideline sentence range of 262 to 327 months. (CR. 53 at 7.)  Bass ultimately was sentenced to 240 months by this Court, a below-the-guidelines sentence. (CR. 53 at 13–14; 41.)

Bass filed an appeal.  (CR. 46.)  In his appeal, Bass argued that this Court plainly erred in sentencing him under the ACCA.[3] (Doc. 7-4 at 5.) In particular, he claimed that his three prior first-degree marijuana convictions did not qualify as serious drug offenses under the ACCA.  In an opinion issued on August 19, 2024, the Eleventh Circuit rejected this assertion and denied Bass any relief on this claim. (CR. 57.)

On September 8, 2025, Bass filed the instant motion pursuant to 28 U.S.C. § 2255. The motion raised an ineffective assistance of counsel claim based on four asserted instances of alleged ineffective assistance: (1) Counsel failed to argue that his prior marijuana convictions were not qualifying ACCA convictions because he did not serve a term of incarceration of 1 year or more; (2) Counsel failed to object to the 18 U.S.C. § 924(e) and Sentencing Guideline § 4B1.4 ACCA enhancement; (3) Counsel failed to allow Bass to withdraw his guilty plea which made his plea involuntary; and (4) Counsel allowed this Court to rely on inaccurate information

---

[2] Citations to the criminal record in Case Number 2:22-cr-00178-RAH will be identified as CR.

[3] Bass also challenged the constitutionality of his § 922(g)(1) firearm conviction.

when considering the ACCA enhancement. Bass also asserts there was prosecutorial misconduct because the Government knew that his three first-degree marijuana convictions could not be used as ACCA qualifying convictions and allowed this Court to rely on this false information at sentencing. Bass also argued there was judicial misconduct because the magistrate judge did not employ the correct process when the magistrate judge denied Bass's attempt to fire his attorney and when this Court relied upon false information in applying the ACCA at sentencing.

The Government argues that, while timely, Bass's claims are without merit.

## LEGAL STANDARD

A prisoner may obtain relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Ineffective assistance of counsel is one of those claims that can be considered under a § 2255 petition.

A claim of ineffective assistance of counsel is evaluated under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). An attorney is considered constitutionally ineffective only if (1) his or her "performance was deficient" and (2) that "deficient performance prejudiced the defense." *Id.* at 687; *see also Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the

circumstances." *Strickland*, 466 U.S. at 688; *see also Chandler*, 218 F.3d at 1315 ("[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take."); *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983) ("Even if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it."). Scrutiny of counsel's performance is highly deferential, and the court indulges a strong presumption that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314.

Under the prejudice component, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. But the prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the results of the proceeding fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

Unless the petitioner satisfies both prongs of the *Strickland* test, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Strickland*, 466 U.S. at 697; *see also Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).

## DISCUSSION

The eight asserted grounds in Bass's Petition can be reduced to three–the predicate offenses for his ACCA enhancement, the voluntariness of his guilty plea, and his attempt to fire his attorney.  None of them warrant relief.

### 1.  The ACCA Enhancement

In his first and primary argument, Bass argues that his three first-degree marijuana convictions were not qualifying ACCA convictions because he served less than one year of imprisonment and therefore the ACCA enhancement should not have been applied to him at sentencing.  He argues that his counsel was ineffective for not objecting or arguing against these convictions and that the Government and this Court engaged in misconduct for allowing them to be used against him.

The Government argues that Bass's claims are meritless because all three first-degree marijuana convictions were qualifying convictions under the ACCA.

The ACCA mandates a fifteen-year minimum sentence for a defendant who has three prior convictions for a violent felony or a serious drug offense and who is convicted of violating 18 U.S.C. § 922(g).  18 U.S.C. § 924(e)(1). The term "serious drug offense" is defined by the ACCA to include "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

The Eleventh Circuit has held that "a conviction under Ala. Code § 13A–12–213 for possession for marijuana for other than personal use qualifies as a serious drug offense for purposes of the ACCA." *United States v. Robinson*, 583 F.3d 1292, 1296–97 (11th Cir. 2009); *see also United States v. White*, 837 F.3d 1225 (11th Cir. 2016); *United States v. Coleman*, 464 F. App'x 832 (11th Cir. 2012).  It is undisputed here that Bass was convicted of first-degree possession of marijuana "for other than

personal use" under Ala. Code § 13A–12–213(a)(1) in all three criminal cases. Accordingly, he qualified for the ACCA enhancement.

Because the ACCA enhancement applied, it did not matter whether Bass's counsel failed to argue that the prior marijuana convictions were not qualifying ACCA convictions, whether counsel failed to object to the § 924(e) count under the ACCA and Guideline § 4B1.4, or whether counsel allowed this Court to rely on the convictions when this Court considered the ACCA enhancement. In other words, Bass was going to lose on the issue anyway. Bass has failed to show any merit, unreasonable conduct by his attorney, or prejudice with his ACCA assertion.

## 2. Withdrawing His Guilty Plea

Bass also argues that his counsel was ineffective for allowing him to proceed to sentencing without withdrawing his guilty plea. Bass not does not explain how exactly his counsel was ineffective, but presumably Bass claims that his counsel should have advised him to withdraw his guilty plea when the probation officer notified the parties that the ACCA would apply. This allegation lacks merit also.

Rule 11(d) states that a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes a sentence, if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d). Whether a defendant's motion to withdraw shows a fair and just reason is to be liberally construed; the decision to allow withdrawal is left to the sound discretion of the district court, however, and will not be disturbed unless it is arbitrary or unreasonable. *United States v. Buckles,* 843 F.2d 469, 471 (11th Cir. 1988). In determining if the defendant has met his burden for withdrawal, "the district court may consider the totality of the circumstances surrounding the plea," including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant

6

were allowed to withdraw his plea." *Id.* at 471–72 (citations omitted); *see also U.S. v. Monroe*, 353 F.3d 1346, 1350 n.3 (11th Cir. 2003) (noting that "courts may consider the whole record when considering whether Rule 11 error occurred or prejudiced a defendant"). In determining whether a plea was knowing and voluntary, a court must address three core Rule 11 concerns, ensuring that: (1) the plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant knows and understands the consequences of the plea. *See United States v. Hernandez-Fraire,* 208 F.3d 945, 949 (11th Cir. 2000); *see also  United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) ("It does not amount to abuse of discretion when a court has conducted extensive Rule 11 inquiries prior to accepting the guilty plea.").

Concerning his guilty plea, Bass does not state whether he asked his attorney to withdraw his guilty plea.  Presumably, he did not.  His counsel cannot be faulted for not taking an action on something that Bass never requested.  *See Thompson v. U.S.*, 481 F.3d 1297, 1299 (11th Cir. 2007) (concluding on an ineffective assistance of counsel claim "that [petitioner] was not entitled to relief . . . finding that Counsel's testimony that [petitioner] did not ask for an appeal [was] 'more credible' . . . than [Petitioner's] testimony to the contrary."), rev'd on other grounds, 504 F.3d 1203 (11th Cir. 2007).

But even if Bass did instruct his attorney to withdraw or seek to set aside his guilty plea, Bass has not shown that the outcome of his criminal case would have been different.  First, he has not shown or even argued that the magistrate judge or this Court would have granted the motion, especially when he was assisted by counsel and engaged in a detailed colloquy with the magistrate judge before pleading guilty, and when his plea appears to be knowing and voluntary.  Indeed, during the colloquy, Bass was notified of the maximum penalties and that his sentence would be based on a combination of factors including the sentencing guidelines, departures

7

and variances, and that the sentence he ultimately received could be higher than any estimate given by his attorney or what the guidelines called for.  (CR. 55 at 14–15.) And even if the Court allowed him to withdraw his guilty plea, he has not shown that the ultimate outcome of his criminal case would have been any different because the ACCA would have applied even if the charges against him were tried to a jury.

As such, Bass has not shown constitutionally ineffective performance by his counsel, nor has he shown prejudice.  Accordingly, this claim fails.

### 3.  Attempted Termination of Counsel

According to Bass, the "judge did not take the correct process into my sentence and when I tried to fire my attorney she would not allow me to do so which is jurisdictional misconduct."  Bass does not elaborate on what happened, when, or what process should have been employed.

Due to the vague, unspecified nature of Bass's assertion, it is due to be denied on that basis.  It is not this Court's obligation to divine or speculate exactly what Bass is claiming; that is, what process the magistrate judge employed or failed to employ but should have. Indeed, claims not fairly or specifically raised will not be entertained on collateral attack in a § 2255 proceeding. *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (vague, conclusory allegations in a section 2255 motion are insufficient to state basis for relief); *Walker v. Dugger*, 860 F.2d 1010, 1011 (11th Cir. 1988) (claims raised only superficially will not be treated as properly raised); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)[4] (district court justified in dismissing petitioner's claims when petitioner presented only conclusory allegations to support claims); *see also Saunders v. United States*, 278 F. App'x 976, 979 (11th Cir. 2008) (petitioner must allege "'reasonably specific, non-

---

[4] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

conclusory facts' with respect to his claim such that there was a reasonable probability sufficient to undermine confidence in the outcome.").

Further, it is correct that Bass's counsel did file a motion to withdraw at Bass's urging on November 1, 2022. (CR. 17.) The motion was heard by the magistrate judge on November 8, 2022, after which the motion was denied. Six weeks later, Bass pleaded guilty to all charges against him. (CR. 55.) During the December 19, 2022, change of plea hearing, Bass engaged in a lengthy colloquy with the magistrate judge. At no point did Bass voice dissatisfaction with his attorney or attempt to terminate his legal counsel. To the contrary, under oath, he voiced his satisfaction with his attorney and the legal counsel that she had given. (CR. 55 at 6.) And further, Bass did not attempt to terminate his attorney during his April 19, 2023, sentencing either. (CR. 53.) While Bass did file an appeal, he did not raise in his appeal any dissatisfaction with his attorney or error by the Court in denying his motion to terminate his attorney, although he could have. *See U.S. v. Handy*, 592 F. App'x 893, 911 (11th Cir. 2015) (discussing, on appeal, a criminal defendant's rights regarding the substitution of counsel).

Because Bass did not raise any error with the magistrate judge's decision to deny his attorney's motion to withdraw in his direct appeal to the Eleventh Circuit, this claim is procedurally defaulted. He clearly could have, and should have, asserted it on direct appeal. *Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir. 2004) (noting that "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding"). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994). In other words, a petitioner such as Bass may not use this collateral attack as "a surrogate for a direct appeal." *Lynn*, 365 F.3d at 1232 (citation omitted).

To overcome a procedural bar or default, Bass must "demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." *United States v. Montano,* 398 F.3d 1276, 1280 (11th Cir. 2005). Notably, "cause" requires a showing of some external impediment preventing counsel from raising the claim previously. *Weeks v. Jones,* 52 F.3d 1559, 1561 (11th Cir. 1995) (citing *McCleskey v. Zant,* 499 U.S. 467, 497 (1991)). To demonstrate prejudice, Bass "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982).

Bass can also overcome the procedural bar created by the failure to appeal if he could show a fundamental miscarriage of justice. In an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.  *Murray v. Carrier,* 477 U.S. 478, 496 (1986).

Here, Bass does not contend that the merits of the magistrate judge's decision could not be reviewed on direct appeal without further factual development. Therefore, his claims were "available" withing the meaning of *Mills*. *See* 36 F.3d at 1055. Accordingly, the claims asserted in those grounds are not cognizable unless Bass can overcome the procedural bar by establishing cause and prejudice or by showing actual innocence. *See Montano,* 398 F.3d at 1280. He has not done so.  Bass has not alleged or otherwise demonstrated cause or prejudice regarding his failure to raise this claim on direct appeal, and he has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception, nor has he argued actual innocence. Therefore, Bass's failure to raise the termination issue on direct appeal constitutes a waiver and bars him from raising this claim in the instant

10

proceeding. This claim is therefore denied.

## EVIDENTIARY HEARING

Bass is not entitled to an evidentiary hearing because he has not alleged specific facts that, if true, would entitle him to habeas relief. *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, [Petitioner] is not entitled to an evidentiary hearing.").

## CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** as follows:

1) Movant Patrick M. Bass's *Motion to Vacate, Set Aside, or Correct Sentence* under 28 U.S.C. § 2255 (doc. 1) is **DENIED**;

2) To the extent Bass seeks a certificate of appealability, the request to proceed on appeal is **DENIED** because Petitioner Bass has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000); and,

3) The Clerk is directed to **CLOSE** this case and mail a copy of this Order to Petitioner at the address of record.

**DONE** and **ORDERED** on this the 30th day of March 2026.

_____
R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE